1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTANA HELLASANDROS, | Case No. 2:21-cv-05806-SPG (MAR) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING CASE |
| v. | |
| COUNTY OF SANTA BARBARA, ET AL, | |
| Defendant. | |

## I.

## **INTRODUCTION**

On June 14, 2021, Santana Hellasandros ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), constructively filed[1] a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  ECF Docket No. ("Dkt.") 1.  On November 15, 2021, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff twenty-one (21) days to file a First Amended Complaint ("FAC").  Dkt. 13.  To date,

---

[1] Under the "mailbox rule", when a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

Plaintiff has failed to comply with the Court's November 15, 2021 ODLA.  For the reasons below, the Court **DISMISSES** this action, without prejudice.

## II.

## BACKGROUND

On June 14, 2021, Plaintiff constructively filed the instant Complaint.  Dkt. 1.  On November 15, 2021, the Court dismissed the Complaint with leave to amend in an ODLA, granting Plaintiff twenty-one (21) days to file a FAC.  Dkt. 13.  The ODLA cautioned Plaintiff that failure to timely file a response to the ODLA "will result" in the dismissal of the Complaint for failure to prosecute.  Dkt. 13 at 20.  Plaintiff requested several extensions of time, which the Court granted.  Dkts. 17, 18, 20, 21.

On June 9, 2022, this Court issued an Order to Show Cause ("OSC") giving Plaintiff until June 30, 2022 to show why this action should not be dismissed for failure to prosecute.  Dkt. 22.  Plaintiff was warned that, "[f]ailure to respond to the Court's Order **will** result in the dismissal of the action."  Id. (emphasis added).  On September 26, 2022, the Court issued a Second OSC, ordering him to comply within fourteen (14) days.  Dkt. 26.  The Court again warned that failure to respond "**will**" result in the dismissal of the action.  Id.  To date, Plaintiff has not responded to the Court's OSCs.  Plaintiff has not corresponded with the Court at all since they requested an extension of time on March 18, 2022.  Dkt. 20.  In fact, both OSCs were returned to the Court as undeliverable, indicating that Plaintiff may have been released from custody.  Dkts. 24, 27.

## III.

## DISCUSSION

A.   **APPLICABLE LAW**

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest

1   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under

2   Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

3   or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v.

4   Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to

5   comply with court orders).

6          In deciding whether to dismiss for failure to prosecute or comply with court

7   orders, a district court must consider five (5) factors:  "(1) the public's interest in

8   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

9   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

10  on their merits; and (5) the availability of less drastic sanctions."  Omstead v. Dell,

11  Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d

12  1421, 1423 (9th Cir. 1986)).

13         "[The Ninth Circuit] 'may affirm dismissal where at least four factors support

14  dismissal . . . or where at least three factors "strongly" support dismissal.'"  Yourish v.

15  California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of

16  El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case involving sua sponte

17  dismissal, however, the fifth Henderson factor regarding the availability of less drastic

18  sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

**B.     ANALYSIS**

20         **1.     The public's interest in expeditious resolution of litigation**

21         In the instant action, the public's interest in expeditious resolution of litigation

22  weighs in favor of dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

23  2002) ("The public's interest in expeditious resolution of litigation always favors

24  dismissal." (quoting Yourish, above) (internal quotation omitted)).  Plaintiff has not

25  filed a FAC in compliance with the Court's On November 15, 2021 ODLA or

26  otherwise responded to the Court's OSCs.  In fact, Plaintiff has not corresponded

27  with the Court at all since he March 18, 2022. Dkt. 20.  Given that Plaintiff has failed

28  to interact with the Court for over six (6) months, this factor weighs in favor of

3

dismissal.  See Dkt. 20; see also Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

### 2.     The Court's need to manage its docket

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal.  Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants."  See Ferdik, 963 F.2d at 1261.  As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket."  See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

On November 15, 2021, the Court issued an ODLA ordering Plaintiff to file a FAC within twenty-one (21) days.  Dkt. 13 at 20.  The ODLA cautioned Plaintiff that failure to timely file a response to the ODLA "**will result**" in the dismissal of the Complaint for failure to prosecute.  Id. (emphasis in original).

On June 9, 2022, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute.  Dkt. 22.  The OSC again warned that "**failure to respond to the Court's Order will result in the dismissal of the action**."  Id. (emphasis in original).

The Court issued a second OSC on September 26, 2022, again warning that failure to respond will result in dismissal.  Dkt. 26.

Plaintiff has failed to comply with any of the Court's Orders, all of which warned Plaintiff that his failure to comply could or would result in the recommended dismissal of the Complaint.  See Dkts. 13, 22, 26.  Plaintiff's failure to prosecute and follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to or cannot litigate this action diligently.  Consequently, the Court's need to manage its docket favors dismissal here.

### 3.   The risk of prejudice to Defendant

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case. Plaintiff has not provided any reason for his failure to comply with either the Court's ODLA or OSCs and for his failure to communicate with the Court since March 17, 2022. Dkt. 12. Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Thus, prejudice is presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### 4.   Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against dismissal. It is, however, Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 13, 22, 26. Under these circumstances, and without any other information from Plaintiff, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court Orders or to file responsive documents within the time granted.

///

///

1    **5.    Availability of less drastic alternatives**

2    The fifth factor—availability of less drastic sanctions—also weighs in favor of

3    dismissal.  A "district court need not exhaust every sanction short of dismissal before

4    finally dismissing a case, but must explore possible and meaningful alternatives."

5    Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a

6    party that dismissal could result from failure to obey a court order.  See Malone, 833

7    F.2d at 132 n.1.  Further, "a district court's warning to a party that his [or her] failure

8    to obey the court's order will result in dismissal can satisfy the 'consideration of

9    alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

10   Here, the Court cannot move the case toward disposition without Plaintiff's

11   compliance with Court Orders or participation in this litigation.  Plaintiff has shown

12   he is either unwilling or unable to comply with Court Orders by filing responsive

13   documents or otherwise cooperating in prosecuting this action.  Given this record, the

14   Court finds that any less drastic alternatives to dismissal would be inadequate to

15   remedy Plaintiff's failures to obey Court Orders and to prosecute.

16   **6.    Summary**

17   Finally, while dismissal should not be entered unless Plaintiff has been notified

18   dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519,

19   1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in

20   the November 15, 2021 ODLA and in two (2) separate Orders.  See Dkts. 13, 22, 26.

21   As discussed above, four (4) of the Rule 41(b) factors weigh in favor of

22   dismissal.  Accordingly, this action is subject to dismissal.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**IV.**

**ORDER**

    **IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated:  November 3, 2022

_____
HONORABLE SHERILYN PEACE GARNETT
United States District Judge

Presented by:

_____
MARGO A. ROCCONI
United States Magistrate Judge

7